# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

**WALTER HENRY, individually,**
**MARGARET HENRY, individually, and**
**as next of friends of M.H., a minor child,**

        **Plaintiffs,**                                      **Case No._____**

**v.**                                                                          **JURY DEMANDED**

**KNOX COUNTY, TENNESSEE,**
**KNOX COUNTY BOARD OF EDUCATION d/b/a**
**KNOX COUNTY SCHOOLS;**
**ROBERT THOMAS, individually as**
**Superintendent of Knox County Schools;**
**ANDREW BROWN, individually as**
**Principal of South-Doyle Middle School;**
**EVELYN GILL, individually.**

        **Defendants.**

---

## VERIFIED COMPLAINT

---

      Come the Plaintiffs, by and through counsel, and for their causes of action against the Defendants, state as follows:

## I.    INTRODUCTION

      1.    The minor Plaintiff, M.H., joined by his next of friends and parents, Walter Henry and Margaret Henry, bring this action for Violation of Constitutional rights, 42 U.S.C. § 1983, Violation of the Americans with Disabilities Act, Violation of the Rehabilitation Act of 1973, and Intentional Infliction of Emotional Distress, arising out of the Defendants' physical and psychological abuse of M.H. Plaintiffs seek to

recover actual damages for severe mental anguish and emotional distress, humiliation, embarrassment, fear, and other non-economic damages. As a further consequence of the Defendants' malicious, intentional and tortious actions, the Plaintiffs have suffered injury for which they seek punitive damages.

## II.     JURISDICTION AND VENUE

2.     This Court is vested with jurisdiction applicable to all claims presented in the case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. All claims are for violation of Plaintiffs' rights under the laws and the constitution of the United States are brought pursuant to 42 U.S. C. § 1983.

3.     Venue is proper in this Court as Plaintiffs' causes of action all arose in Knoxville, Knox County, Tennessee.

## III.     PARTIES

4.     The preceding allegations 1-3 are incorporated herein by reference.

5.     Plaintiff M.H. is minor citizen and resident of Knoxville, Knox County, Tennessee. He is diagnosed with autism, mild mental retardation, and extreme schizophrenia.

6.     Plaintiffs Walter Henry and Margaret Henry ("the Henrys") are adult citizens and residents of Knoxville, Knox County, Tennessee and are the natural parents of the minor Plaintiff, M.H. ("M.H." or minor Plaintiff). The Henrys are suing individually and as next friends of their minor child, M.H.

7. South-Doyle Middle School ("SDMS") was at all pertinent times a public middle school in Knox County, State of Tennessee, and within the domain of Knox County and Knox County Board of Education.

8. Defendant Knox County, Tennessee is a county organized under the laws of the State of Tennessee, and may be served with process through its law director Richard Armstrong at 400 Main Street, Suite 612, Knoxville, Tennessee 37902.

9. Defendant Knox County Board of Education d/b/a Knox County Schools ("KCBOE" or Knox County Schools) is and was at all pertinent times a statutorily-created local body politic located in Knox County, Tennessee, Responsible for the training of teachers as to discipline, safety, and supervision of students within the district, and was responsible for the course of study, discipline, and safety of middle school students at South-Doyle Middle School. Service of process may be affected on David M. Sanders, Attorney for the Knox County Board of Education and Knox County Schools, at 400 Main Street, Suite 612, Knoxville, Tennessee 37902.

10. Defendant, Robert Thomas ("Thomas"), is now and was at all pertinent times a resident of Knox County, State of Tennessee, the Superintendent of said South-Doyle Middle School; employee and/or agent of Knox County and/or KCBOE d/b/a Knox County Schools; acting under color of state law; and acting within the scope of said employment. Defendant Thomas will be served personally at his business address 912 South Gay Street, Knoxville, TN 37902.

11. Defendant, Andrew Brown ("Brown"), is now and was at all pertinent times a resident of Knox County, State of Tennessee, the principal of said South-Doyle

Middle School; and employee and/or agent of Knox County and/or KCBOE d/b/a Knox County Schools; acting under color of state law; empowered by the State of Tennessee to, among other things, discipline pupils at South-Doyle Middle School, including the use of corporal punishment; in a position of supervision and control over teachers at South-Doyle Middle School including Defendant Gill; acting within the scope of said employment. Defendant Brown will be served personally at his business address 3900 Decatur Rd., Knoxville, Tennessee 37920.

12. Defendant, Evelyn Gill ("Gill"), is now and was at all pertinent times until her resignation on or about October 31, 2017 a resident of Knox County, State of Tennessee, a special education teacher of said South-Doyle Middle School employed by Knox County and KCBOE d/b/a Knox County Schools; acting under color of state law; empowered by the State of Tennessee to, among other things, discipline pupils at South-Doyle Middle School including the use of corporal punishment; acting within the scope of said employment. Service of process may be affected on this Defendant at 2504 Linden Avenue, Knoxville, Tennessee 37914.

13. A special custodial relationship existed at all pertinent times between Defendants and M.H. with corresponding duties to provide him with adequate protection, education, and supervision while a student at South-Doyle Middle School which duty was breached by Defendants' actions and inactions as described herein.

14. At all relevant times set forth herein, all Defendants acted in concert and as the agent of one another.

## IV. FACTS

15.     The preceding allegations 1-14 are incorporated herein by reference.

16.     Upon information and belief, KCBOE d/b/a Knox County Schools delegated certain responsibilities and elements of control concerning SDMS to the school's principal (i.e. and Defendant Brown), including, without limitation, the authority to govern the school and make the enforce policy decisions concerning special needs students. At all times relevant herein, Knox County and KCBOE d/b/a Knox County Schools monitored, supervised, and ratified all actions and/or omissions by Defendant Brown's acts, omissions, policies and procedures, thereby showing a deliberate indifference to minor Plaintiff's constitutional rights.

17.     Upon information and belief, Knox County and KCBOE d/b/a Knox County Schools have a reputation for a repeated deliberate indifference to the constitutional rights of special needs children as evidenced by the following, without limitation, concerning Knox County and KCBOE d/b/a Knox County Schools: failure to meet State goals for the inclusion of special needs children despite the fact that surrounding school systems with fewer financial resources meet or exceed these same standards for providing a safe and proper education for special needs students; intolerable neglect in failing to meet State and Federal special needs performance goals; elimination of reading recovery and read aloud programs despite former Governmental attempts to focus on literacy; and, ultimately establishing, or failing to establish various policies that created a physically, mentally, and emotionally abusive environment to which it subjected its special needs children. Despite Defendants' notice of a prior pattern of

misconduct and the foreseeability of future constitutional violations, KCBOE d/b/a Knox County Schools and Knox County, negligently hired, retained, employed and disciplined Defendant Thomas, Defendant Brown and Defendant Gill. Defendant Thomas and Defendant Brown are also liable for the negligent hiring, retention, and discipline of Defendant Gill.

18.     M.H. is a minor child diagnosed at an early age with autism, mild mental retardation, and extreme schizophrenia. Due to his conditions, M.H. has limited verbal abilities. He is unable to effectively express himself or communicate through speech; however, he has a tendency to repeat words and phrases he has heard. Further, his diagnoses require daily prescription medications.

19.     In August 2017, the Henry's enrolled their eleven-year old special needs son M.H. in South-Doyle Middle School. M.H. was assigned to the classroom of special education teacher Defendant Evelyn Gill. Prior to the start of school, the Henrys had the opportunity to meet with Defendant Gill.  During this meeting, Defendant Gill exhibited a very aggressive demeanor, and she asked the Henrys if they knew she was a County Commissioner. Unsettled by their initial meeting with the special education teacher Defendant Gill, the Henrys reported back to the South-Doyle Middle School Principal Defendant Andrew Brown who dismissed their concerns.

20.     Prior to entering SDMS, M.H. was enrolled in Maryville City Schools special education classes. M.H. always had very special relationships with all of his teachers and they called him the "gentle-giant". His past special education teachers were

always understanding and well informed on his disabilities. M.H. never had a history of any serious behavioral issues.

21.     On August 7, 2017, M.H. attended his first day of school at SDMS. When the Henrys asked M.H. about his new school, he would respond by covering his mouth with his hand, and he would also say "You're as sorry as a Kindergartner." Because he is essentially nonverbal, M.H. was unable to describe what was happening to him in Defendant Gill's classroom.

22.     Plaintiffs are informed and believe and thereon allege, that M.H. was subjected to physical and psychological abuse by special education teacher Defendant Gill. On or around August 18, 2017, the Tennessee Department of Children's Services launched an investigation into the abuse by Defendant Gill at SDMS. Plaintiffs believe the abuse began after the start of school on August 7, 2017 and continued until Defendant Gill was placed on administrative leave on September 5, 2017.

23.     The Tennessee Department of Children's Services contacted the Henrys for a home visit to inform them of the investigation and allegations against Defendant Gill. (exact date unknown) The Henrys were advised that M.H.'s classmates and teachers assistant witnessed the physical and psychological abuse inflicted upon the vulnerable and defenseless minor by Defendant Gill, and it was the parent complaints of M.H.'s classmates to school officials that prompted the DCS investigation. It was specifically reported that when M.H. would rest his head on his desk, Defendant Gill would forcefully pick up his desk and slam it on the ground causing M.H. to hit his head on his desk. All of Defendant Gill's intolerable misconduct alleged herein was perpetrated by

malice toward M.H. and committed under conditions in which the minor was not in need of discipline.

24.    At no time during the investigation did Defendant KBOE, Defendant Thomas or Defendant Brown contact the Henrys regarding the investigation and allegations against Defendant Gill. When the Henrys inquired with SDMS Special Education Supervisor Carrie Oakley regarding the allegations, she refused to discuss the matter and directed them to Defendant Brown. When the Henrys inquired with Defendant Brown, he would only state that Defendant Gill was placed on leave and would not discuss the matter further.

25.    Defendant Brown did contact the Henrys after the investigation launched, but concerning an unrelated matter. Defendant Brown advised the Henrys that M.H. had been accused of inappropriately touching another student. The Henrys knew the accusations were not true, and upon the school's further investigation, concluded the same.

26.    The Henrys made multiple attempts to discuss the allegations with Defendant Brown and other KCBOE d/b/a Knox County Schools and SDMS officials to no avail. DCS nor any other official followed up with the Henrys to inform them of the results of the investigation.

27.    It was reported that on or around October 20, 2017, Defendant Gill was removed from administrative leave and was scheduled to go back to work on October 23, 2017 as a special education teacher at Fulton High School in Knox County, Tennessee.

28.     Defendant Gill did not return to work and submitted her resignation on or around October 31, 2017.

29.     The minor Plaintiff, M.H., is a vulnerable, young boy. He has mental disabilities, and has had so since birth. His educational services are governed by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400, et seq. and 29 U.S.C.A. § 794 (Section 504). Upon information and belief, at all material times pertinent to the allegations herein, KCBOE d/b/a Knox County Schools assigned the minor Plaintiff to a Comprehensive Developmental Classroom—Alternative Learning ("CDC – A") with other disabled children as a student. Defendant Gill was assigned to teach the minor Plaintiff with his educational regimen. Defendant Gill also had a history of complaints including one by school board members that Defendant Gill often neglected her classroom of special needs students to fulfill her county commission duties. Leaving her special needs classroom to attend public events was among the history of other complaints against Defendant Gill.

30.     School records and personnel file kept on Defendant Gill reveal an extensive disciplinary matters dating back to 2005. In 2005, Defendant Gill was relieved from her duties as the cheerleading sponsor at Central High School in Knox County for mismanagement of the program's financing and taking the squad to cheerleading camp at UT without proper field trip forms.

31.     In September 2016, Defendant Gill had a conference with Defendant Andrew Brown, Assistant Principal Sharon Robinson, and other top level district administrators regarding her mistreatment of a teaching assistant to the point of her

resignation and balancing her county commission duties with her responsibilities at school. It was specifically noted by Defendant Brown and Assistant Principal Robinson that their expectation of Defendant Gill to "treat others the way she would like to be treated" and "the reports of rudeness and harsh treatment need to come to an end."

32.    In addition to the mistreatment of the teacher's assistant, there was the greater concern that Defendant Gill too often missed school for public events related to her county commission position. On more than one occasion Defendant Gill failed to abide by the sign out policy the school had in place and misrepresented what time she left and that she falsey wrote she told an assistant principal of her departure. It was specifically noted by Defendant Brown that he asked Defendant Gill to make sure she let them know when she needed to leave so they could make sure she had sufficient coverage for her classroom as it is extremely important considering some of the health issues in her classroom.

33.    Eight months later on May 24, 2017, Defendant Gill met again with Defendant Brown and Vice Principal Robinson at the request of the school board members regarding Gill's continued neglect of her special needs students to attend public events.   Defendant Gill advised that she is required to be at functions as a county commissioner and requested a follow-up meeting with superintendent Defendant Thomas. Documents do not reflect a follow-up meeting with Defendant Thomas ever occurred.

34.    Despite these serious repeated complaints and warnings, and KCBOE d/b/a Knox County Schools being on Notice of Defendant Gill's actions, Defendant Gill

was still allowed contact with minor Plaintiff and other special needs children despite the fact that Knox County, KCBOE d/b/a Knox County Schools, Defendant Thomas, and Defendant Brown received the complaints insisting that Defendant Gill was not suited to be placed in a classroom, let alone, a CDC-A classroom. Defendants' affirmatively, unjustifiably, repeatedly, and recklessly ignored the warnings and complaints concerning Defendant Gill such that they were indifferent to the vulnerable minor Plaintiff, his constitutional rights, and the foreseeable violation thereof. More importantly, Defendants affirmatively participated in, ratified, supported, encouraged and/or acquiesced Defendant Gill's abuse and conduct as evidenced, in part, by the fact that they placed Defendant Gill into the CDC-A classroom overlooking the complaints of harsh treatment of others and neglecting her special needs students some of which that have very serious health issues. Knox County, KCBOE d/b/a Knox County Schools, Defendant Thomas and Defendant Brown were deliberately indifferent to a known and obvious consequence concerning Defendant Gill's mistreatment of the helpless special needs children, including minor Plaintiff.

35.     Defendants had direct knowledge of Defendant Gill's abuse and neglect of the special needs children, including minor Plaintiff, yet failed to remove Defendant Gill from the classroom. As principal, Defendant Brown was in an authoritative position that the students: respected, looked up to, and sought protection. As principal, Defendant Brown was a disciplinary role model in the special needs environment and he could take immediate corrective action concerning Defendant Gill's misconduct, her training, supervision, and retention but disgracefully failed to do so. Defendants' failures,

affirmative acts, and omission occurred despite their heightened duty to protect minor Plaintiff due to his fragility and vulnerability as special needs student. Such failures demonstrate a deliberate indifference by the Defendants to constitutional rights and wellbeing of minor Plaintiff.

36.     By virtue of this position with Defendant KCBOE d/b/a Knox County Schools, and as the most senior administrator of South-Doyle Middle School, Defendant Brown's action and intentional inactions in the multiple incidents of which he was aware amount to, and are in conformity, with a custom and policy of Defendant Knox County and/or KCBOE d/b/a Knox County Schools. Moreover, Defendant Brown showed deliberate indifference to the repeated violation of minor Plaintiff's constitutional rights and other law that protects him.

37.     Defendant Brown's actions and inactions, which, at all times, amount to and were in conformity with Defendant Knox County and/or KCBOE d/b/a Knox County Schools' custom and policy, directly caused the injuries and constitutional violations that minor Plaintiff experienced.

38.     The physical and psychological abuse asserted by Defendant Evelyn Gill had no reasonable basis and were contrary to education or disciplinary rules and procedure. Defendant Gill's actions were shocking, reckless, intentional, knowingly and maliciously done for the purpose of causing harm to the fragile minor Plaintiff.

39.     Upon information and belief, Knox County, KCBOE d/b/a Knox County Schools, and Defendant Brown have been aware of the risks and dangers of unconstitutional abuse of special needs students by teachers for several years. Upon

information and belief, Knox County and KCBOE d/b/a Knox County Schools have been educated on the risks and dangers associated with allowing corporal punishment in special needs classrooms by teachers through participation in seminars and presentations that specifically discussed case law developments related to these topics. Upon information and belief, Knox County, KCBOE d/b/a Knox County Schools, and Defendant Brown have also provided information and education on the risks and dangers of abuse associated with the corporal punishment of special needs students by teachers and teachers' aides. Upon information and belief, Knox County, KCBOE d/b/a Knox County Schools, and Defendant Brown discussed these topics on several occasions through continuing education programs and other employee education/training programs. As a result, Knox County and KCBOE d/b/a Knox County Schools were aware of the dangers associated with the corporal punishment of special needs students by teachers and teachers' aides. Knox County and KCBOE d/b/a Knox County Schools were also aware of the dangers and risks associated with not having appropriate policies and customs in place for procedures, including but not limited to, the following: the hiring of appropriately qualified teachers' aides; the training of teachers' aides and administrators in the use of corporal punishment; the training of teachers' aides and administrators in identifying the appropriate parameters of corporal punishment of special needs students; the training of teachers' aides in refraining from violating the constitutional rights of special needs students; and, the disciplining of teachers' aides that have abused students or inappropriately used corporal punishment. KCBOE d/b/a Knox County Schools was sued as recently as 2015 for its failure to follow and/or implement these same policies

designed to protect special needs children. Despite this knowledge, Knox County and KCBOE d/b/a Knox County Schools ignored that its training procedures and policies were lacking and/or failed to develop any such policies and/or properly implement them as part of their deliberate indifference to the constitutional rights of minor Plaintiff and other special needs students.

40.     Upon information and belief, Knox County and KCBOE d/b/a Knox County Schools had a policy and/or custom whereby when they were put on notice of potential problems with a teacher and/or teacher's assistant, regarding potential abuse, Knox County and KCBOE d/b/a Knox County Schools would not terminate the employee but would transfer said employee to another school and/or to another position. This policy and/or custom were used to protect Knox County and/or KCBOE d/b/a Knox County Schools  from potential liability regarding civil rights violations. These policies and/or customs evidence that Knox County and KCBOE d/b/a Knox County Schools intentionally ignored, acquiesced, and ratified violations of special needs students' constitutional rights while also deliberately hindering parents from protecting their special needs students.

41.     Further examples of this custom, policy or procedure include Knox County and/or KCBOE d/b/a Knox County Schools' failure to train Defendant Gill in the proper treatment and response to the physical, mental and emotional behavior and limitations of the special needs children in the CDC-A classroom and as a direct assistant; failure to train the top administrator in the school (i.e. Defendant Brown) on how to remedy and prevent constitutional abuses to the school's special needs children; refusal to

implement and enforce policies whereby parents are immediately notified of abuse allegations, and therefore, are able to seek appropriate medical attention and take steps to prevent further abuse; complete disregard of, and refusal to implement, its own policies addressing student discipline, appropriate instruction methods, and assaults by employees against students, especially special needs students; its failure to provide immediate avenues whereby complaints of assaults and other constitutional violations by employees are investigated, which in turn, would prevent continued violations; its refusal to immediately remove violator from the classroom when confirmed abuse has occurred; and its refusal to provide appropriate supervision to its special education teachers, teachers' aides, and program facilitators.

42.     Even after receiving multiple complaints of Defendant Gill's behavior, Knox County and/or KCBOE d/b/a Knox County Schools, Defendant Thomas, and Defendant Brown, by virtue of its custom, policy and procedure, took no action to prevent further constitutional violations against the minor Plaintiff.

43.     Defendant Knox County, Defendant Thomas, Defendant Brown, and/or KCBOE d/b/a Knox County Schools' negligence directly and proximately caused minor Plaintiff's physical, mental, emotional and financial injuries and losses. Based on prior knowledge and incidents of Defendant Gill's aggressive behavior of which Defendants Brown, Knox County and/or KCBOE d/b/a Knox County Schools and Defendant Thomas were aware, Plaintiffs' damages were foreseeable consequences of their negligence.

44.     Knox County, KCBOE d/b/a Knox County Schools, Defendant Thomas, and Defendant Brown should not have allowed Defendant Gill to be a teacher in a special needs classroom. Knox County and KCBOE d/b/a Knox County Schools should have provided appropriate training to Defendant Gill regarding special needs children. Knox County and KCBOE d/b/a Knox County Schools should have provided appropriate supervision of Defendant Gill. Knox County and KCBOE d/b/a Knox County Schools should have disciplined and/or fired Defendant Gill. Knox County and KCBOE d/b/a Knox County Schools failed to do all of these things despite their knowledge that such failures were likely to expose and subject minor Plaintiff to abuses in violation of his constitutional rights. These failures were a moving force behind the creation of the risk and the perpetuation of the abuses that were inflicted on minor Plaintiff in violation of his constitutional rights.

45.     Plaintiff alleges that the verbal and physical abuse of her son was intentional, deliberate and malicious and has proximately caused M.H. to suffer mental anguish and emotional distress with manifestations that impact his daily life and routines and have caused him humiliation, embarrassment, fear and other non-economic damages. M.H. has also suffered quantifiable regression in development progress.

## V. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Violation of Constitutional Rights, 42 U.S.C. § 1983

46.     The preceding allegations 1-38 are incorporated herein by reference.

47.     Defendants violated minor Plaintiff M.H.'s rights under the Fourth Amendment to the United States Constitution by actions, including, but not limited to, utilizing unjustified and unreasonable force against M.H.

48.     Defendants violated minor Plaintiff M.H.'s rights under the Fourth Amendment to the United States Constitution by actions, including but not limited to, acting with deliberate indifference to the risk of harm to M.H. from Defendant Gill.

49.     Defendant Gill's conduct in subjecting M.S. to physical and psychological abuse violated T.S.'s rights under the due process clause of the Fourteenth Amendment.

50.     As a proximate result of the violations alleged hereinabove, Plaintiffs have suffered damages as heretofore alleged.

### SECOND CLAIM FOR RELIEF
### Discrimination in Violation of the Americans with Disabilities Act

51.     The preceding allegations 1-43 are incorporated herein by reference.

52.     Effective January 26, 1992, Plaintiff M.H. was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 USC § 12131, section 201 of the ADA.

53.     Pursuant to 42 USC §12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity. Plaintiff M.H. was at all times relevant herein a qualified individual with a disability as therein defined.

54.     KCBOEd/b/a Knox County Schools has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

55.     KCBOE d/b/a Knox County Schools was under an obligation to refrain from creating and maintaining a deliberately hostile and intimidating education environment for M.H. based on his disability.

56. On information and belief, Defendant Thomas and Defendant Brown were deliberately indifferent to the complaints of abuse committed by Defendant Gill because of M.H.'s disability. On information and belief, on many occasions Defendant Brown was informed by others that M.H. was abused at SDMS by Defendant Gill. Neither of them did anything to stop the abuse until the abuse was reported by parents of other SDMS students. The deliberate indifference by the employees gives rise to respondeat superior liability of KCBOE d/b/a Knox County Schools.

57.     KCBOE d/b/a Knox County Schools has further failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove by maintaining a severe and pervasive disability based hostile and intimidating.

## THIRD CLAIM FOR RELIEF
## Violation of § 504 of the Rehabilitation Act of 1973

58.     The preceding allegations 1-57 are incorporated herein by reference.

59.     Plaintiff M.H. is informed and believes and therefore alleges that KCBOE d/b/a Knox County Schools is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

60.     By their actions or inactions in denying equal access to educational services and by subjecting plaintiff M.H. to a hostile educational environment, Defendants violated his rights under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder.

61.     As a result of KCBOE d/b/a Knox County Schools' failure to comply with its duty under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder, Plaintiff M.H. has suffered damages including special and general damages according to proof.

# VI.    STATE LAW CLAIMS

## FOURTH CLAIM FOR RELIEF
### General Negligence

62.    The preceding allegations 1-61 are incorporated herein by reference.

63.    Plaintiffs aver that Defendants, Knox County, Tennessee, KCBOE d/b/a Knox County Schools, and Defendant Thomas were negligent in the following ways:

    a.    By negligent hiring Defendant Brown and Defendant Gill for the duties of teaching and protection of special needs children;

    b.    By the negligent training of Defendant Brown and Defendant Gill;

    c.    By negligently placing Defendant Gill as a teacher;

    d.    By negligently retaining Defendant Gill;

    e.    By negligently monitoring and supervising Defendant Gill;

    f.    By recklessly and intolerably failing to take any corrective action concerning Defendant Gill's presence and activities as a teacher in the CDC-A classroom;

    g.    By recklessly and intolerably failing to exercise responsible care for minor Plaintiff and other disabled children attending South-Doyle Middle School; and

    h.    Defendant Brown's reckless and intolerable inaction for negligently ignoring numerous reports of abuse and recklessly disregarding the disables minor Plaintiff's health and safety.

64.     Any and all acts of negligence by Defendant Knox County, Tennessee and/or KCBOE d/b/a Knox County Schools proximately caused minor Plaintiff's injuries and damages.

65.     Plaintiffs aver that Defendants Knox County, Tennessee and/or KCBOE d/b/a Knox County Schools had a special relationship with minor Plaintiff and the other children in the CDC-A classroom. Accordingly, Defendants owed and undertook an affirmative or special duty of care to minor Plaintiff, and expressly did so by their actions and representations to the parents of minor Plaintiff and parents of other disabled children, as well as general citizenry. The minor Plaintiff and the … relied on Defendants' affirmative undertaking of protection toward minor Plaintiff and other disabled children to their detriment. As a direct and proximate result of the negligence of these Defendants, minor Plaintiff was injured and damaged.

66.     Plaintiff avers that Defendant Thomas and Defendant Brown are liable for negligent and/or reckless misconduct. Plaintiffs aver that Defendant Brown consciously and repeatedly disregarded the known risk to minor Plaintiff and other disabled children at South-Doyle Middle School by assigning and/or allowing Defendant Gill to remain employed. As a result of Defendant Thomas and Defendant Brown's recklessness, minor Plaintiff was injured and damaged.

67.     Plaintiffs aver that Defendant Gill intentionally, recklessly and violently assaulted minor Plaintiff on multiple occasions, causing severe injury. Such conduct is intolerable and outrageous and should not be tolerated in a just, honorable and civilized society.

## FIFTH CLAIM FOR RELIEF
### Negligence *Per Se*

68.     The preceding allegations 1-67 are incorporated herein by reference.

69.      By committing the previously referenced acts, all Defendants are guilty of committing Negligence *Per Se* and violated, including but not limited to, the following statutes:

        a,      The ADA;

        b.      The EHA;

        c.      Tenn. Code Ann. § 49-6-4001 for violating the Student Employee Safe Environment Act

        d.      Tenn. Code Ann. § 49-6-4101, et seq., for violating the School Discipline Act; and

        e.      Tenn. Code Ann. § 49-10-1301, et seq., for violating Special Education Behavioral Support Act

## SIXTH CLAIM FOR RELIEF
### Intentional Tort

70.     The preceding allegations 1-69 are incorporated herein by reference.

71.     By committing the previously referenced acts, of which all Defendants had reason to know but ignored despite their special duty by allowing the Defendant Gill to commit the following intentional torts upon the helpless minor:

        a.      Tenn. Code Ann. § 39-13-101 – Assault;

        b.      Tenn. Code Ann. § 39-13-103 – Reckless Endangerment;

        c.      Tenn. Code Ann. § 39-15-401 – Child Abuse Neglect or

Endangerment;

d.    Tenn. Code Ann. § 39-15-402 – Haley's Law; and

e.    Tenn. Code Ann. §§ 39-16-401, 39-16-402 and 39-16-403

regarding Official Misconduct and Oppression

71.    By having a duty imposed by law to prevent the commission of an offense by not making a reasonable effort to do so, all Defendants, in particular Defendant Thomas and Defendant Brown violated Tenn. Code Ann. § 39-11-402

As a result, the Henry's have incurred a negligent, reckless and/or intentional infliction of emotional distress, pain and suffering and a loss of consortium of their child for the outrageous conduct committed by Defendants.

## VII.    JURY DEMAND

Plaintiffs hereby demand that this matter be tried to a jury.

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    An award of compensatory damages in an amount fair to be proven at trial for minor Plaintiff's physical and mental suffering, medical expenses, including monitoring and future care, loss of enjoyment of life, and any other damages properly classified as compensatory damages to be determined by a jury at a trial.

2.    Punitive damages against Defendants to be determined by a jury at trial.

3.    An award of attorney fees and costs; and

4.    Such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

THE ERWIN LAW FIRM


*/s/ Jacob E. Erwin*
JACOB E. ERWIN, #020728
P.O. Box 6650
Maryville, TN 37802
(865) 851-0644
jake@erwinlawtn.com
*Attorney for Plaintiffs*