UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WALTER HENRY, individually, and )
MARGARET HENRY, individually, and as )
next of friends of M.H., a minor child, )
 )
        Plaintiffs, )
 )
v. ) No. 3:18-cv-321-TRM-DCP
 )
KNOX COUNTY, TENNESSEE, et al., )
 )
        Defendants. )

# REPORT AND RECOMMENDATION

    This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 25] of the District Judge.

    Now before the Court is a Joint Motion for Approval of Minor's Settlement ("Joint Motion") [Doc. 22]. The Joint Motion requests that the Court approve the settlement agreement reached by the parties with respect to the claims of M.H. The parties appeared before the Court on February 6, 2019, for a motion hearing. Attorney Jacob Erwin appeared on behalf of Plaintiffs, and Attorneys Amanda Morse and David Sanders appeared on behalf of Defendants. Accordingly, for the reasons further explained below, the Court **RECOMMENDS** that the Joint Motion [**Doc. 22**] be **GRANTED**.

    As an initial matter, the Court has placed the settlement agreement [Doc. 22-1] and the Statement for Attorney's Fees, Expenses, Costs, and Disbursements to Plaintiffs' Counsel [Doc. 24] under seal. The Court determined that M.H's privacy interest in the settlement agreement outweighs the public's interest in these Court records. Accordingly, when discussing the amount

of the settlement agreement, the Court will use the terms "Gross Amount" and "Net Amount" without referencing specific numbers.

## I. BACKGROUND

The Complaint [Doc. 1] in this case was filed on August 7, 2018. The Complaint states that M.H. (hereinafter, the "Minor") was diagnosed at an early age with autism, mild mental retardation, and extreme schizophrenia. [Doc. 1 at ¶ 18]. Due to his conditions, the Minor has limited verbal abilities, and he is unable to effectively express himself or communicate through speech. [*Id.*]. The Complaint submits that the Minor has a tendency to repeat words and phrases he has heard and that his diagnoses require daily prescription medications. [*Id.*].

The Complaint alleges that in August 2017, the Minor's parents, Walter and Margaret Henry (hereinafter, the "Henrys"), enrolled the Minor in South-Doyle Middle School, where he was assigned to Defendant Evelyn Gill's classroom. [*Id.* at ¶ 19]. Prior to the start of school, the Henrys met with Defendant Gill, who exhibited a very aggressive demeanor. [*Id.*]. The Henrys told the principal their concerns with respect to Defendant Gill's demeanor, but the principal dismissed these concerns. [*Id.*].

The Complaint states that on August 7, 2017, the Minor attended his first day of school at South-Doyle Middle School. [*Id.* at ¶ 21]. When the Henrys asked about his new school, the Minor responded by covering his mouth with his hand, stating "You're as sorry as a kindergartner." [*Id.*]. The Complaint states that because the Minor is essentially nonverbal, he was unable to describe what was happening to him in Defendant Gill's classroom. [*Id.*]. The Complaint states that on or about August 18, 2017, the Tennessee Department of Children's Services ("DCS") launched an investigation into the abuse by Defendant Gill at South-Doyle Middle School. [*Id.* at

¶ 22]. The Henrys believe that the abuse began on August 7, 2017, and continued until Defendant Gill was placed on administrative leave on September 5, 2017. [*Id.*].

The Complaint submits that DCS contacted the Henrys for a home visit to inform them of the investigation and the allegations against Defendant Gill. [*Id.* at ¶ 23]. The Henrys were advised that the Minor's classmates and a teacher's assistant witnessed the physical and psychological abuse inflicted upon the Minor. [*Id.*]. Specifically, it was reported that when the Minor rested his head on his desk, Defendant Gill forcefully picked up the desk and slammed it on the ground causing the Minor to hit his head on the desk. [*Id.*].

The Complaint avers that the Henrys made multiple attempts to discuss the allegations with the principal and other Knox County and school officials to no avail. [*Id.* at ¶ 26]. The Complaint states that neither DCS, nor any other official, followed up with the Henrys to inform them of the results of the investigation. [*Id.*]. The Complaint contends that on October 20, 2017, Defendant Gill was removed from administrative leave and was scheduled to return to work on October 23, 2017, as a special education teacher at Fulton High School in Knox County, Tennessee. [*Id.* at ¶ 27]. The Compliant states, however, that she did not return to work, but instead, submitted her resignation on or about October 31, 2017. [*Id.* at ¶ 28].

The Complaint alleges that school records and Defendant Gill's personnel file reveal extensive disciplinary matters dating back to 2005. [*Id.* at ¶ 30]. The Complaint states that despite her disciplinary matters, Defendant Gill was allowed contact with the Minor and other special needs children. [*Id.* at ¶ 34]. The Complaint avers that the other Defendants had direct knowledge of Defendant Gill's abuse and neglect and that they failed to remove Defendant Gill from the classroom. [*Id.* at ¶ 35].

3

The Complaint alleges violations of the following statutes: 42 U.S.C. § 1983; the Americans with Disabilities Act; and § 504 of the Rehabilitation Act of 1973. In addition, the Complaint alleges negligence, negligence per se, and various intentional torts.

Defendants did not file an answer to the Complaint. Instead, the parties filed a Notice of Pending Settlement [Doc. 21] on November 26, 2018, explaining that they mediated the case on November 15, 2018, and agreed to settle this matter.

## II. POSTIONS OF THE PARTIES

The parties request that the Court approve the settlement agreement with respect to the Minor's claims. The parties state that settling the Minor's claims is in the best interest of the Minor and that settling avoids the time and expense associated with further litigation. Further, Plaintiffs' counsel represents that the overall settlement is appropriate, reasonable, and in the best interest of the Minor in light of the following considerations: (1) a review of settlements obtained by plaintiffs in similar cases; (2) the possibility of an award of punitive damages in this case; (3) the possibility that affirmative defenses are available to one or more Defendants; (4) the difficulties faced by Plaintiffs in quantifying the damages associated with the injuries alleged and suffered by Minor; and (5) additional uncertainties that are necessarily attendant to continued litigation.

In addition, the Joint Motion states that all of the Minor's known medical bills have been paid, and Plaintiffs have acknowledged their subrogation obligations. The Joint Motion states that the parties have agreed to settle such claims for a Gross Amount in full satisfaction of any and all claims arising out of the August 2017 incident. Plaintiffs have agreed to pay attorney's fees and expenses, resulting in a Net Amount to the Minor.

The Joint Motion explains that the Net Amount will be managed by the adult Plaintiffs for the benefit of the Minor. The Joint Motion states that the money will be placed in an interest

bearing account and used for medical expenses, counseling sessions, various therapies, educational expenses, and associated travel expenses that might arise for the benefit of the Minor. Further, the parties request that the Court find that it is not necessary to appoint a legal guardian for the Minor pursuant to Tennessee Code Annotated § 34-1-121.

In support of their Joint Motion, the parties have filed a Release of Claims [Doc. 22-1], and Plaintiffs' counsel has filed a Statement for Attorney's Fees, Expenses, Costs, and Disbursements [Doc. 24]. As mentioned above, the Court placed both filings under seal.

### III. ANALYSIS

The parties presented their Joint Motion to the Court on February 6, 2019. In addition, the Court heard testimony from the Henrys during the hearing. Accordingly, the Court has considered the Joint Motion, along with the representations and testimony at the hearing, and **RECOMMENDS** that the parties' Joint Motion [**Doc. 22**] be **GRANTED**.

"When minors are involved in a settlement, the district court must make an independent determination that the settlement is in the minor's best interest." *Thrivent Fin. for Lutherans v. Camp*, No. 1:15-CV-146-SKL, 2015 WL 9587725, at *1 (E.D. Tenn. Dec. 30, 2015). The Court's determination must be in accordance with Tennessee law. *Id.* (citing *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) and Tenn. Code Ann. § 31-1-121)). The Court must also determine whether the attorney's fees are reasonable. *Id.*

As an initial matter, the Court notes that the Minor did not attend the hearing. *See* Tenn. Code Ann. § 29-34-105(a) (requiring that the minor attend the hearing). During the hearing, Plaintiffs explained that the Minor is thirteen years old and suffers from severe autism. Plaintiffs stated that the Minor is essentially non-verbal and that they decided that it was not in his best interest to disturb his routine. Given the Minor's mental condition, the Court waived his presence

at the hearing. The Court is satisfied with Plaintiffs' representations that disturbing the Minor's routine is not in his best interest. Further, the Court finds that, in this particular case, the Minor's presence is not necessary because the testimony and the parties' representations at the hearing are sufficient to make a determination as to whether the settlement agreement is in the Minor's best interest.

During the hearing, Plaintiffs explained that Defendant Gill abused the Minor by picking up his desk and slamming it to the ground when the Minor rested his head on his desk. Further, Plaintiffs stated that the Minor, who often repeats what he is told, began repeating the phrase, "sorry as a kindergartener." Plaintiffs believe that Defendant Gill directed this phrase at the Minor. In the course of their investigation into these matters, Plaintiffs hired experts to determine the extent of the Minor's injuries and to determine how this litigation would affect him. Plaintiffs stated that establishing damages was difficult due to the Minor's mental condition, including his inability to communicate effectively. Plaintiffs stated that the settlement agreement reflects the seriousness of Defendant Gill's actions and the limited time frame that the Minor was subject to Defendant Gill's actions (i.e., approximately August 7, 2017, to September 5, 2017). Defendants agreed with Plaintiffs' representations and added that while some claims could have been dismissed as a matter of law, the parties believed it was in their best interests to mediate this case in its early stages.

The Court also heard testimony from Plaintiff Margaret Henry and Walter Henry. Plaintiff Margaret Henry testified that she is the Minor's mother. She testified that she is married to the Minor's father, Walter Henry. She stated that she was contacted by DCS with respect to Defendant Gill's actions toward the Minor. She testified that as a result of Defendant Gill's conduct, the Minor has experienced certain behavioral changes. She stated that she has spoken with doctors

6

Case 3:18-cv-00321-TRM-DCP   Document 29   Filed 02/25/19   Page 6 of 9   PageID #: 109

about the Minor's behavior and that the Minor's doctors are treating him with medication. Plaintiff Margaret Henry testified that she understands the settlement agreement, including the Gross and Net Amounts, and that she believes that entering into the settlement agreement is in the best interest of the Minor. She testified that she intends to put the settlement proceeds in an interest bearing account for the Minor. Plaintiffs' counsel also advised the Court that the Henrys have discussed the settlement agreement with a financial advisor in order to appropriately manage the settlement proceeds.

In addition, Plaintiff Walter Henry testified that he is the Minor's father and that he understands the terms of the settlement agreement. He testified that he believes that entering into the settlement agreement is in the Minor's best interest. He also confirmed that the settlement proceeds would be used for the Minor's benefit.

Finally, with respect to the attorney's fee, Plaintiffs' counsel reported to the Court that he took this case on a contingency fee, but given his long-standing relationship with Plaintiffs, he reduced his fees significantly. Further, Defendants represented at the hearing that they agreed to pay the mediation fee and the filing fee, which is separate from the agreed-upon settlement amount.

In the present matter, based on the testimony at the hearing and the filings of the parties, the Court finds waiving the appointment of a guardian ad litem is appropriate in this case. *See* Tenn. Code Ann. § 34-1-107(a)(2) (explaining that the court may waive the appointment of a guardian ad litem if the petitioner is a parent). As summarized above, the Henrys testified that they are the Minor's parents and that the Net Amount will be used for the Minor's benefit. Accordingly, the Court finds the Henrys' testimony credible and that waiving the appointment of a guardian ad litem is appropriate in this case.

Further, the Court finds that the settlement agreement with respect to the Minor's claim is fair and reasonable and is in the Minor's best interest. Counsel for both parties and the witnesses at the hearing have confirmed that the settlement agreement is fair, reasonable, and in the best interest of the Minor. The Court agrees with the parties' representation that the amount of the settlement agreement reflects the seriousness of Defendant Gill's conduct while also taking into consideration the limited time period of such conduct. Further, as mentioned above, the Henrys testified that they intend to use the settlement proceeds for the benefit of the Minor and that they have already consulted with a financial planner to help manage the proceeds. Accordingly, the Court finds that the settlement agreement is in the best interest of the Minor.

The Court has also considered the requests for attorney's fees and expenses in this case. As mentioned above, the Henrys agreed to a contingency fee, which is 35% for federal lawsuits. Given counsel's long-standing relationship with Plaintiffs, however, Attorney Erwin has agreed to accept a significant reduction for the work performed in this case. The Court observes that Attorney Erwin estimates that he spent 56 hours in this case, in addition to 28 hours of work performed by his paralegal. While this case settled in its early stages, the Court finds that the hours spent in this case appropriately reflect the complexity of the various legal issues presented, including the request for damages. Thus, the Court finds that the total amount of attorney's fees is reasonable for this case.

Finally, the Court has also reviewed the expenses [Doc. 24-2] in this matter. While the expenses seem high at first glance, the Court notes that a majority of these expenses were used for experts. Given the representations at the hearing relating to the Minor's mental condition and that experts were necessary to support the Minor's request for damages, the Court finds such expenses

8

Case 3:18-cv-00321-TRM-DCP   Document 29   Filed 02/25/19   Page 8 of 9   PageID #: 111

reasonable. Accordingly, the finds that the attorney's fees and expenses are reasonable in this case.

IV.     **CONCLUSION**

Accordingly, the Court **RECOMMENDS**[1] that the Joint Motion for Approval of Minor's Settlement [**Doc. 22**] be **GRANTED**.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).