# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| WALTER HENRY, individually, <br> MARGARET HENRY, individually, and <br> as next of friends of M.H., a minor child, <br><br>       Plaintiffs, <br><br> v. <br><br> KNOX COUNTY, TENNESSEE, <br> KNOX COUNTY BOARD OF EDUCATION d/b/a <br> KNOX COUNTY SCHOOLS; <br> ROBERT THOMAS, individually as <br> Superintendent of Knox County Schools; <br> ANDREW BROWN, individually as <br> Principal of South-Doyle Middle School; <br> EVELYN GILL, individually. <br><br>       Defendants. | Case No.: 3:18-cv-321 <br><br> JURY DEMANDED |

## JOINT MOTION FOR APPROVAL OF MINOR'S SETTLEMENT

NOW COME the Parties to this action, by and through counsel, and, pursuant to T.C.A. § 34-1-121(b), and move this Court for approval of the settlement of this matter. In support of this Motion, the Parties would show this Court as follows:

1. **Plaintiffs' Contentions.** This matter involves a claim in which the Plaintiffs have asserted that the Knox County Board of Education and the individually named Defendants violated the constitutional rights of the minor Plaintiff. Specifically, that the disabled minor was physically and mentally abused by Defendant Gill.

1

2. **Defendant's Contentions.** The Defendants deny any liability to the Plaintiffs. While the Plaintiffs dispute the Defendants' assertions, they recognize that a reasonable jury could indeed find for the Defendants. Likewise, the Plaintiffs agree that it will be difficult to quantify any damages sustained by the Plaintiffs as a result of any action of any school official.

3. **Settlement in Best Interest of the Parties.** While the Plaintiffs and Defendant dispute the claims and defenses made by the other, they agree this matter should be resolved in the best interest of the child and to prevent the time and expense associated with further litigation.

Given the facts at issue and the alleged injuries and potential outcomes were this matter to proceed to trial, Counsel to the Plaintiffs is of the opinion that the overall settlement is appropriate, reasonable and in the best interests of Minor. Such opinion is based on a number of considerations, including, without limitation, (a) a review of settlements obtained by Plaintiffs in similar cases involving the alleged mistreatment of a special needs child in a school setting; (b) the possibility of an award of punitive damages in the case; (c) the possibility that affirmative defenses available to one or more Defendants might succeed; (d) the difficulties faced by Plaintiffs in quantifying the damages associated with the injuries alleged and suffered by minor; and (e) the additional uncertainties that are necessarily attendant to continued litigation.

4. **Minor Plaintiff's Medical Treatment.** The associated medical expenses for treatment and evaluation of Minor Plaintiff in regard to the subject incident are outlined in *Statement for Attorney Fees, Expenses, Costs, and Disbursements for Plaintiffs' Counsel* requested to be filed under seal. All of the Minor Plaintiff's known medical bills have been paid.

Pursuant to Tenn. Code Ann. § 71-5-117, counsel for Plaintiffs represents and acknowledges to the Court that counsel has contacted the State of Tennessee and/or any acting

on its behalf pursuant to § 71-5-117(e) to inquire whether it has a subrogation interest. To the extent that an interest appears, counsel for Plaintiffs acknowledges counsel's obligation under § 71-5-117 with respect to such lien. Any and all further subrogation payments or liens are the responsibility of the Plaintiffs.

5. **Amount.** Premises considered, the Knox County Schools agrees to pay, and the Plaintiffs have agreed to accept, the total sum of ▬▬▬ in full satisfaction of any and all claims arising out of or related to the incidents of August 2017 and any other claims connected with the minor Plaintiff's education, which shall include any and all claims for Plaintiffs' Attorney's fees. Knox County Schools has in addition agreed to pay for the court costs incurred by attorney for Plaintiffs and for the cost of the mediator in this action.

6. **Attorney Fees**. Plaintiffs' Counsel has requested to file a supplementary *Statement for Attorney Fees, Expenses, Costs, and Disbursements for Plaintiffs' Counsel* ex-parte and under seal due for this Honorable Court's review and consideration.

7. **Management.** The parties propose that the remaining net settlement proceeds to be paid to the Plaintiffs will be managed by the adult Plaintiffs for the benefit of the minor Plaintiff. In particular, this money will be placed in an interest bearing account and used for medical expenses, counseling sessions, various therapies, any other educational expense, and associated travel expenses that might arise for the benefit of this child. There is no conflict between the parents concerning such use.

The parties further pray that this Court specifically find that such settlement is for the best interest of the minor, and that the Court further find that it is not necessary for a legal guardian to be appointed for the minor, pursuant to Tennessee Code Annotated § 34-1-121.

8. **Dismissal with Prejudice**. The parties additionally propose, upon this Court's approval of the terms of this settlement, that this matter be dismissed with Prejudice.

9. **Release of Claims**. Subject to the approval of this Court, the Plaintiffs have entered into a written Release of Claims, an executed copy of which is filed with this Motion as <u>Exhibit 1</u>.

WHEREFORE, PREMISES CONSIDERED, the parties move this Court to approve this minor settlement and, upon the approval of this settlement, to dismiss this action with prejudice.

Respectfully submitted,

THE ERWIN LAW FIRM

/s/ Jacob E. Erwin
JACOB E. ERWIN, BPR #020728
P.O. Box 6650
Maryville, TN 37802
(865) 851-0644
jake@erwinlawtn.com
*Attorney for Plaintiffs*


/s/ David M. Sanders
David M. Sanders, BPR #016885
Deputy Knox County Law Director
Suite 612, City County Building
400 Main Street
Knoxville, TN 37902
(865) 215-2327
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Jacob E. Erwin
Jacob E. Erwin, BPR # 020728

5

Case 3:18-cv-00321-TRM-DCP   Document 302   Filed 12/13/18   Page 5 of 5   PageID #: 1707